UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STANLEY D. CROW,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Case No. 1:20-cv-00518-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Stanley D. Crow's Motion for Summary Judgment (Dkt. 17) and Defendant Internal Revenue Services' ("IRS") Motion for Summary Judgment (Dkt. 18). On March 29, 2022, the Court held oral argument and took the motions under advisement. Having considered the matters, the Court GRANTS the IRS's Motion for Summary Judgment and DENIES Crow's Motion for Summary Judgment.

## II. BACKGROUND

This case is another chapter in the IRS's seven-year-long examination of Stanley D. Crow and his company, S. Crow Collateral Corporation's ("SCCC"), business activities to determine whether he has been promoting abusive tax shelters and should be subject to penalties under 26 U.S.C. §§ 6700, 6707, and 6708. Dkt. 18-1, at 1–2. Other aspects of that examination have already come before this Court. *See United States v. Vaught*, No. 1:18-cv-00452-DCN, 2021 WL 3639414 (D. Idaho Aug. 16, 2021). As part of this investigation,

the IRS has sought information from third parties about Crow's participation in various financial transactions. Dkt. 18-1, at 1.

On June 22, 2020, Crow sent a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the IRS seeking access to "[a] complete copy of the Case Activity Record since February 22, 2019, with respect to the examination of Stanley D. Crow under 26 U.S.C. §§ 6700, 6707, and 6708." Dkt. 17-1, at 2. The IRS sent Crow a heavily redacted version of the Case Activity Report on August 19, 2020. The Report was 22 pages long. One page was completely redacted, and the other twenty-one pages were partially redacted. A variety of statutory exemptions to disclosure under FOIA were offered as the legal basis for the redactions, including Exemptions 3, 5, 6, 7(A), 7(C), and 7(E) of 5 U.S.C. § 552(b).

Crow then filed an administrative appeal of the IRS's FOIA response, and that appeal was denied. Dkt. 17-2, at 2–3. Crow then filed the instant case, alleging a violation of FOIA. The IRS subsequently produced a less redacted version of the Case Activity Record. However, this did not satisfy Crow and this case continued.

In due course, the parties filed the instant motions for summary judgment. The IRS's Motion contained supporting declarations that included its reasons for the exemptions. After receiving the IRS's rationale for the exemptions, Crow now challenges only one category of redactions—"Exemption 3 in conjunction with 26 U.S.C. § 6103(a)." Dkt. 20 at 2.

The IRS states that all the entries protected under Exemption 3 "identify third-party taxpayers and their liabilities or their possible liabilities under the Internal Revenue Code."

MEMORANDUM DECISION AND ORDER - 2

Dkt. 18-3, at 5. Crow does not dispute this.[1] Dkt. 20, at 7–9. Both parties refer to this information as return information, as defined by 26 U.S.C. § 6103. Dkt. 18-1, at 5; Dkt. 20, at 7.

## III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[ ] the facts in the non-moving party's favor." *Id*. To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id*. (citation omitted). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts,"

---

[1] Crow does go a step further than the IRS and hypothesizes that the information redacted under Exemption 3 contains the return information of SCCC's counterparties. Dkt. 20, at 7. This may be so. However, the Court can clearly conclude, based on the uncontradicted evidence, that the information protected by Exemption 3 does contain the identifying information, and IRS review notes of, third-party taxpayers.

MEMORANDUM DECISION AND ORDER - 3

supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001). FOIA cases are typically resolved at the motion for summary judgment stage. *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).

The standard applicable to motions for summary judgment do not generally change if the parties file cross motions. *See, e.g., Cady v. Hartford Life & Accidental Ins.*, 930 F. Supp. 2d 1216, 1223 (D. Idaho 2013). However, the Court must evaluate each party's motion on its own merits. *Fair Housing Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

## IV. IRS Motion for Summary Judgment

The arguments of both parties in this case "call out like a carnival barker, beckoning the Court to explore a wide range of interesting . . . legal issues." *In re Tesla Motors, Inc. Stockholder Litigation*, 2022 WL 1237185, at *2 (Del. Ch. Apr. 27, 2022). While "in answer to the barker's call, it is tempting to venture into each tent and confront the legal enigmas that await there," there is no need to do so. *Id*. The linchpin of this lawsuit is whether this is a case pertaining to tax administration. As will be outlined, this lawsuit does *not* pertain to tax administration, and consequently Crow's allegations crumbles. The IRS properly redacted the information under Exemption 3.

A. **Exemption 3**

The IRS has withheld portions of the Case Activity Record under Exemption 3 of FOIA, 5 U.S.C. § 552(b)(3), claiming that those portions are confidential under 26 U.S.C. § 6103. Exemption 3 allows agencies to withhold documents when responding to a FOIA

MEMORANDUM DECISION AND ORDER - 4

request if the documents are "specifically exempted from disclosure by statute . . . if that statute (A) (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld . . . ." 5 U.S.C. § 552(b)(3).

The Ninth Circuit uses a two-step inquiry to decide whether information was properly withheld under Exemption 3. A court must first analyze "whether the statute identified by the agency is a statute of exemption within the meaning of Exemption 3." *Hamdan v. U.S. Dep't of Just.*, 797 F.3d 759, 776 (9th Cir. 2015) (citing *CIA v. Sims*, 471 U.S. 159, 179 (1985)). Second, a court must then determine "whether the withheld records satisfy the criteria of the exemption statute." *Id*.

"Exemption 3 differs from other FOIA exemptions in that its applicability depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage." *Gerstein v. CIA*, 2008 WL 4415080, at *7 (N.D. Cal. Sept. 26, 2008) (quoting *Fitzgibbon v. CIA*, 911 F.2d 755, 761–62 (D.C. Cir. 1990)). *See also Hayden v. NSA*, 608 F.2d 1381, 1390 (D.C. Cir. 1979) (noting factual showing "to satisfy Exemption 3 is by nature less than for Exemption 1"). Notably, any material that falls within the criteria of a qualifying statute under Exemption 3 is automatically withheld "regardless of how unwise or self-protective the statute might be." *Keenan v. IRS*, 1995 WL 638758, at *2 (C.D. Cal. Aug. 18, 1995).

Both the IRS and Crow agree that 26 U.S.C. § 6103 is a "qualifying statute" under the first step of the Exemption 3 analysis. Dkt. 20, at 9. Therefore, the Court turns to the

MEMORANDUM DECISION AND ORDER - 5

question of whether the IRS met the criteria in 26 U.S.C. § 6103.[2]

The IRS claims that the information can be properly withheld under both § 6103(a) and § 6103(e)(7). Crow, on the other hand, claims that the information can be properly released under § 6103(h)(4), particularly subparts (B) and (C). The government has the burden of justifying withholding under any of FOIA's exemptions. *Hamdan*, 797 F.3d at 772.

## B. This Case is Not a Tax Proceeding

Crow's argument relies on § 6103(h)(4), which states "A return or return information may be disclosed in a Federal or State *judicial or administrative proceeding pertaining to tax administration*" (emphasis added). Crow's multi-step argument that the information should be released under § 6103(h)(4) fails for the simple reason that this is not a judicial or administrative proceeding pertaining to tax administration.

The plain language of the statutory exemptions in § 6103(h)(4) requires that the disclosure occur in a "judicial or administrative proceeding pertaining to tax administration." The tests in § 6103(h)(4)(B) and (C) that Crow rely on double down on this requirement, stating that they are for exemptions "directly related to the resolution of an issue in the proceeding" or "which directly affects the resolution of an issue in the proceeding." Simply put, there is no tax issue in the present case. Tax administration is defined as:

---

[2] All references to statutes for the remainder of this decision should be construed as references to the Tax Code (i.e. 26 U.S.C.).

MEMORANDUM DECISION AND ORDER - 6

> (i) the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party, and
> (ii) the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions, and
> (B) includes assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes, or conventions.

§6103(b)(4)(A), (B). While Crow's allegations in this case are cast against the backdrop of an IRS audit, this is, in reality, simply a FOIA case. The cause of action is the FOIA statute. The resolution of Crow's possible tax penalties will not occur in this case. As such, this is not a tax administration proceeding that is administering, managing, conducting, directing, or supervising the internal revenue laws relating to Crow's tax affairs, and the exemptions in § 6103(h)(4) have no bearing here.

Precedent strongly supports this conclusion. In *Safeway, Inc. v. IRS*, a similar case involving a FOIA request for IRS audit information relating to a third party, the Northern District of California agreed with the IRS that "§ 6103(h)(4) does not permit disclosure of third-party tax return information to Plaintiff, because the word 'proceeding' in this context means the FOIA litigation, not the underlying tax proceeding." 2006 WL 3041079, at *7–*8 (N.D. Cal. Oct. 24, 2006). In 2018, another court held that "although Plaintiff could in theory achieve disclosure of alter ego return information in a tax administration proceeding under 26 U.S.C. § 6103(h)(4), Plaintiff cannot do the same through a FOIA proceeding." *Smart-Tek Automated Servs. Inc. v. United States Internal Revenue Serv.*, 2018 WL 6181472, at *7 (S.D. Cal. Nov. 26, 2018), *aff'd sub nom. Smart-Tek Servs., Inc. v. United States Internal Revenue. Serv.*, 829 F. App'x 224 (9th Cir. 2020). Indeed, yet another court

plainly held that "this FOIA case is not a 'judicial or administrative proceeding pertaining to tax administration'" under § 6103(h)(4) because "the FOIA case is entirely about [plaintiff's] entitlement to information, not his criminal or civil tax-related liability." *Greenberger v. Internal Revenue Serv.*, 283 F. Supp. 3d 1354, 1370–71 (N.D. Ga. 2017). The United States District Court for the District of Columbia ruled likewise just this year in *Southern Poverty Law Center v. Internal Revenue Service*, 2022 WL 703934, at *5 (D.D.C. Mar. 9, 2022) (finding "a FOIA suit does not pertain to tax administration . . . True, this suit seeks tax records. But if a FOIA plaintiff could force the IRS to disclose records otherwise covered by § 6103(a) using this exception, then § 6103(a) would have no force. . . .").

Crow cites no cases holding that FOIA is a judicial proceeding pertaining to tax administration. Crow references the cases mentioned above, dismisses the holdings of those cases as "schizoid," and then tries to explain why the cases are wrong, relying on *First Western* and his own proffered interpretation. Dkt. 20, at 17–19 (referencing *First Western Gov't., Inc. v. United States*, 796 F.2d 356 (10th Cir. 1986)). Crow's arguments hold no weight because *First Western* involves an audit, not a FOIA request. What's more, *First Western* is not binding precedent in the Ninth Circuit. Further undercutting Crow's argument is the fact that Crow's entire Motion for Summary Judgment revolves around FOIA analysis, not the tax code. This highlights the fact that this is, unavoidably, a FOIA case, not a tax case.

### C. The IRS Correctly Withheld the Information Under § 6103

The default language of § 6103(a) states that "Returns and return information shall be confidential." As both parties agree that the redacted information involves returns and return information, the information redacted under Exemption 3 was appropriately retained as confidential.

Furthermore, § 6103(e)(7) states that "Return information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer *if the Secretary determines that such disclosure would not seriously impair Federal tax administration*." (emphasis added). Here, the IRS has determined that disclosure would seriously impair Federal tax administration. The Court agrees.

The IRS explains that disclosure of the items protected under Exemption 3 would impair federal tax administration because "it would jeopardize the Service's ability to speak to willing third parties during an investigation." Dkt. 18-1, at 7. The disclosure of such third parties could lead to reluctance by third parties to speak to the IRS in the future, as those third parties would not be able to speak confidentially and could face retribution. Additionally, Crow would gain further insight into the ongoing investigation if given full unfettered access to these returns. The IRS explained that disclosing the information withheld under Exemption 3 "would reveal the examiners' strategy, theories, methods, and points of focus. Disclosure would prematurely enable the plaintiff to craft explanations or defenses based upon this newfound information and create an unfair advantage." Dkt. 18-4, at 3. These insights could also be used to project the IRS's current and future actions and

MEMORANDUM DECISION AND ORDER - 9

provide advance notice that would be useful to someone seeking to hide any incriminating evidence from the IRS.[3] As such, it is reasonable to conclude that disclosure of the IRS items protected under Exemption 3 were properly redacted.

Such a conclusion is in line with other precedent. The District Court for the District of Columbia recently held that the "potential chilling effect upon disclosure of the identities of witnesses and interviewees justifies reliance on Exemption 3 in conjunction with 26 U.S.C. § 6103(e)(7)." *Houser v. Church*, 486 F. Supp. 3d 117, 136 (D.D.C. 2020). In short, because everyone has to pay taxes, a ruling for Crow would set a far-reaching precedent that could stymie many future investigations across the nation. Thus, the redactions made under Exemption 3 were appropriately done in accordance with § 6103(e)(7). As such, the Court GRANTS the IRS's Motion for Summary Judgment in regard to the redactions made under Exemption 3.

### D. Exemptions 5, 6, 7(A), 7(C), and 7(E)

As Crow has limited his legal challenge to entries redacted under the authority of Exemption 3 of FOIA, this MOOTS the questions regarding all redactions made under separate authority (i.e. Exemptions 5, 6, 7(A), 7(C), and 7(E)).

### V. Crow Motion for Summary Judgment

Crow's Motion for Summary Judgment can accurately be described as a placeholder. The legal argument consists of one page and argues that because the IRS has

---

[3] The Court does not mean to hold, or even suggest, that Crow is doing, or would do, any such a thing. The Court is only pointing out the damage any such insight could do in the wrong hands.

"not provided a *Vaughn* index or similar factual showing to justify its redactions" that summary judgment in Crow's favor is appropriate. Dkt. 17-1, at 6. Furthermore, Crow stated that if the IRS produced a *Vaughn* index[4], "plaintiff reserves the right to challenge the underlying bases for withholding the requested information." *Id.* The IRS's Motion for Summary Judgment, filed on the same day, provided such an index. As such, the proffered index essentially moots Crow's Motion for Summary Judgment.

While the IRS argues that it is inappropriate for Crow to reserve the right to make additional arguments in his reply brief, this is beside the point because any arguments that Crow would make in a future motion for summary judgment in response to the *Vaughn* index are contained within his Response to the IRS's Motion. Indeed, Crow's Reply to the IRS's Response to his Motion for Summary Judgment contains a summary of his arguments in his Response to the IRS's Motion. Dkt. 22, at 5. As his substantive legal arguments were dealt with in the above section regarding the IRS's Motion for Summary Judgment, Crow's Motion for Summary Judgment is DENIED.

## VI. CONCLUSION

Based on the above analysis, the IRS properly used Exemption 3 in conjunction with § 6103 to redact information in the Case Activity Record. As such, the Court GRANTS the IRS's Motion for Summary Judgment and DENIES Crow's Motion for Summary Judgment.

---

[4] A *Vaughn* index is a factual showing that describes the withheld document and a particularized explanation for each document withheld. *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973); *see also Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991).

## VII. ORDER

1. The Internal Revenue Service's Motion for Summary Judgment (Dkt. 18) is GRANTED.

2. Crow's Motion for Summary Judgment (Dkt. 17) is DENIED.

3. A Judgment in favor of Defendant shall be attached herewith.

DATED: May 20, 2022

David C. Nye
Chief U.S. District Court Judge